IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

STAY THE COURSE
WEST VIRGINIA, et al.,

          Plaintiffs,

v.   CIVIL ACTION NO.   1:12-cv-01658

NATALIE E. TENNANT, et al.

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiffs' motion for class certification [Docket 3] and motion for expedited consideration of that motion [Docket 18]. For the reasons that follow, the Court **DENIES** the motion for class certification and **DENIES AS MOOT** the motion for expedited consideration of the original motion.

*I.     BACKGROUND*

This case arises from a constitutional challenge to certain provisions of West Virginia's election laws that place a $1,000 limit on the amount that a person can contribute to an independent expenditure political action committee. Plaintiffs Stay the Course West Virginia, David Bailey, Thomas Stephen Bailey, and Pineville Lumber, Inc. ("Plaintiffs") have named as Defendants West Virginia Secretary of State Natalie E. Tennant and Mercer County Prosecuting Attorney Scott Ash ("Defendants"). Plaintiffs have sued Defendant Ash as the representative of a class of West

Virginia's 55 prosecuting attorneys, and have requested that this Court certify this defendant class under Rule 23 of the Federal Rules of Civil Procedure.  (Docket 3.)    Plaintiffs reason that since West Virginia's prosecuting attorneys are responsible for enforcing the criminal penalty provisions of the challenged election statutes, *see* W. Va. Code § 7-4-1, certification of the prosecutors as a class will make any relief awarded by this Court applicable to and binding on these officials.   Neither Defendant Tennant nor Defendant Ash has responded to Plaintiffs' motion for class certification.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 23 sets the standard for class certification.   Under Rule 23, class certification is a two-step process.   First, the district court must find that

>    (1)    the class is so numerous that joinder of all members is impracticable;
>    (2)    there are questions of law or fact common to the class;
>    (3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>    (4)    the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).   Second, the action must also fall within one of three categories of class actions described in Rule 23(b).   *See Wal-Mart Stores, Inc. v. Dukes*, ___ U.S. ___, 131 S. Ct. 2541, 2548 (2011).   A court has considerable discretion in certifying a class action, and the party seeking certification has the burden of proving compliance with Rule 23.  *Monroe v. City of Charlottesville*, 579 F.3d 380, 384 (4th Cir. 2009) (citing *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 317 (4th Cir. 2006)).   The Fourth Circuit has admonished district courts to give Rule 23 "a liberal rather than a restrictive construction" with the goal in each particular case to "best serve the ends of justice for the affected parties and . . . promote judicial efficiency." *Gunnells v. Healthplan Serv., Inc.*, 348 F.3d 417, 424 (4th Cir. 2003) (quoting *In re A.H. Robins*,

880 F.2d 709, 740 (4th Cir. 1989)).   Nonetheless, "actual, not presumed, conformance" with Rule 23 is indispensable, and the district court must undertake a "rigorous analysis" to ensure that all the Rule's requirements are satisfied.   *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160-61 (1982).

### III.   LEGAL ANALYSIS

Plaintiffs' motion for certification sets forth facts which Plaintiffs argue meet Rule 23(a)'s prerequisites to certification.   Plaintiffs also assert that the Court should certify their proposed defendant class under any or all of Rule 23(b)'s subsections.   As discussed below, Plaintiffs' motion for class certification fails to meet the numerosity and adequacy of representation requirements.   Because failure to establish these requirements alone is determinative of the motion, the Court will not discuss the remaining Rule 23 prerequisites to certification.

*A.   Numerosity*

Rule 23(a)(1) requires the putative class to be so numerous that joinder would be impractical.   The number of class members alone is not necessarily determinative of practicability.   *See Ballard v. Blue Shield of S. W. Va., Inc.*, 543 F.2d 1075, 1080 (4th Cir. 1976), *cert. denied*, 430 U.S. 922 (1977).   Instead, practicability of joinder depends on the specific facts of each particular case.   *Gen. Tel. Co. of the Nw, Inc. v. Equal Emp't Opportunity Comm'n*, 446 U.S. 318, 330 (1980).   Relevant considerations include "the size of the class, ease of identifying its numbers and determining their addresses, facility of making service on them if joined and their geographic dispersion." *Baltimore v. Laborers' Int'l Union of N. Am.*, 67 F.3d 293, *1 (4th Cir. 1995) (citing *Kilgo v. Bowman Transp., Inc.*, 789 F.2d 859, 878 (11th Cir. 1986)); *see Smith v. Berg*, No. 99-cv-2133, 2001 WL 1169106, *2 (E.D. Pa. 2001) (an evaluation of factors other than the size of the class is particularly important when the putative class is relatively small (less than

3

100 members)).

The Court first considers the size of Plaintiffs' putative class. Plaintiffs contend that the class of 55 West Virginia prosecuting attorneys is sufficiently numerous that joinder would impede efficient resolution of this dispute. Though a proposed class of 55 is not large enough to satisfy the numerosity requirement *per se*, it is large enough to give rise to a presumption of numerosity. *See Dashiell v. Van Ru Credit Corp.*, 283 F.R.D. 319, 321 (E.D. Va. 2012). Other pertinent factors, however, overcome this presumption. *See Roman v. ESB, Inc.*, 550 F.2d 1343 1348-49 (4th Cir. 1976) (upholding the district court's denial of certification to a class of 53 members); *Moore v. Trippe*, 743 F. Supp. 201, 211 (S.D.N.Y. 1990) (denying certification of a class of 54 members where the members were all known to the plaintiffs and resided in the same metropolitan area); *Ewh v. Monarch Wine Co., Inc.*, 73 F.R.D. 131, 132-33 (E.D.N.Y. 1977) (class size ranging from 34 to in excess of 50 not sufficiently numerous).

In light of the relatively small size of Plaintiffs' proposed class, the Court's consideration of other factors makes clear that individual joinder of West Virginia's prosecuting attorneys is not impracticable. The identities of West Virginia's prosecuting attorneys are certainly known to Plaintiffs, as are the addresses of their respective offices, and individual service does not present any apparent difficulty. Further, Plaintiffs' proposed class of prosecuting attorneys is not subject to expansion and its members obviously reside within a limited geographic area. *See Frazier v. Consolidated Rail Corp.*, 851 F.2d 1447, 1456 (D.C. Cir. 1988) (upholding the district court's denial of certification based in part on its conclusion that the proposed class members resided within a reasonable distance of the district court).

The Court is also mindful of the interests of judicial economy. Plaintiffs argue that individual joinder would "needlessly complicate" the resolution of this litigation by resulting in 55 practically identical responses to pleadings and requiring the presence of 55 similarly situated individuals at scheduled hearings. (Docket 4 at 3.) Considering the fact that Plaintiffs' own proposed representative has refused to participate in this action, however, the Court finds this suggestion doubtful at best. *See infra* Part III.B. For these reasons, the Court concludes that Plaintiffs' proposed class is not sufficiently numerous to warrant certification.

  *B.*  *Adequacy of Representation*

Even if the Court found that Plaintiffs' proposed class met the numerosity requirement, it would nonetheless be compelled to deny certification because Plaintiffs have not demonstrated that their selected representative will adequately represent the interests of the defendant class.

There are two basic guidelines that frame the Court's review of the adequacy of representation requirement. They are 1) the absence of conflict between the representative and members of the class and 2) the assurance that the representative will vigorously prosecute the matter on behalf of the class. *See Shiring v. Tier Technologies, Inc.*, 244 F.R.D. 307, 315 (E.D. Va. 2007); *Black v. Rhone-Poulenc, Inc.*, 173 F.R.D. 156, 162 (S.D. W. Va. 1996); *see also Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001) ("The adequacy requirement mandates an inquiry into . . . the willingness and ability of the representative to take an active role in and control the litigation and to protect the interests of absentees[.]"). The failure of a defendant class representative to engage counsel or appear in the action is indicative of his inability to serve as an adequate representative. *Vargas v. Calabrese*, 634 F. Supp. 910, 921 (D.N.J. 1986).

Here, Plaintiffs cannot assure vigorous representation or demonstrate an absence of conflict on the part of their selected representative. Plaintiffs' complaint names Defendant Scott Ash, the Mercer County prosecuting attorney, as class representative. His office has traditionally been selected as the representative in similar actions. *See Ctr. for Individual Freedom, Inc. v. Tennant*, 849 F.Supp.2d 659, 667 n.5 (S.D. W. Va. 2011); *Appalachian Power Co. v. Sadler*, 314 F. Supp. 639, 640 (S.D. W. Va. 2004). Defendant Ash has demonstrated, however, that he has no intention of "vigorously prosecuting" the interests of the class of West Virginia prosecuting attorneys. Plaintiffs' motion for expedited consideration of class certification attaches as an exhibit an email from Defendant Ash to Plaintiffs' counsel. (Docket 18-1.) In that email, Defendant Ash informs Plaintiffs' counsel that he has decided "not to answer or otherwise contest the suit." (*Id.*) True to his word, Defendant Ash has not filed an answer or a response to any of the pleadings. He also did not appear at the preliminary injunction hearing previously held in this case. The Court must deny Plaintiffs' motion on this basis alone. Certification of a class with a representative who refuses to defend this action would undermine the right of other West Virginia prosecuting attorneys to defend and enforce the laws of this State.

The Court further notes that Defendant Ash's interests may conflict with those of other West Virginia prosecutors. Defendant Ash has indicated his decision not to contest this suit is based in part on his sympathy for Plaintiffs' position. He writes that he "[does] not agree with the law but [has] to agree it is the law." (Docket 18-1.) Though the strength of Defendant Ash's convictions is unclear, his disagreement with the challenged law coupled with his refusal to defend this action renders him incapable of serving as a class representative in a manner that would protect the interests of the otherwise unnamed prosecuting attorneys. The Court must deny

6

Plaintiffs' request for certification because they have not established that Defendant Ash will adequately represent the proposed class.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion for class certification [Docket 3] and **DENIES AS MOOT** Plaintiffs' motion for expedited consideration of their motion for class certification [Docket 18].

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    January 17, 2013

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE