IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

STAY THE COURSE WEST VIRGINIA,
a West Virginia unaffiliated independent
expenditure political action committee;
DAVID BAILEY, in his capacity as Chairman and
Treasurer of Stay The Course West Virginia;
PINEVILLE LUMBER, INC., a West Virginia
Corporation; and THOMAS STEPHEN
BAILEY,

        *Plaintiffs,*

v.                                                                                    CIVIL ACTION NO. 1:12-cv-1658

NATALIE E. TENNANT in her official
capacity as West Virginia Secretary of State
and member of the West Virginia State Election
Commission; and SCOTT ASH, in his official
capacity as Prosecuting Attorney for Mercer
County, as a representative of the class of all
West Virginia Prosecuting Attorneys,

        *Defendants.*

**CONSENT JUDGMENT AND ORDER**

        This Consent Judgment and Order (the "Consent Order") formalizes in writing an agreement entered into by and between Stay the Course West Virginia, David Bailey, Pineville Lumber, Inc., and Thomas Stephen Bailey ("Plaintiffs") and Natalie E. Tennant ("Secretary Tennant") (collectively, the "parties") on the 6th day of August 2013.

        WHEREAS, Plaintiffs filed a lawsuit against Secretary Tennant and Scott Ash, in his official capacity as Prosecuting Attorney for Mercer County, (collectively, "Defendants") styled *Stay the Course West Virginia, et al. v. Natalie E. Tennant and Scott Ash*, Civil Action No. 1:12-cv-1658,

currently pending in the United States District Court for the Southern District of West Virginia at Bluefield;

WHEREAS, Plaintiff Stay the Course West Virginia is a political action committee ("PAC") formed for the sole purpose of soliciting contributions to make independent expenditures and making independent expenditures prior to and with respect to the West Virginia general election that was held on November 6, 2012;

WHEREAS, West Virginia Code § 3-8-1a(15) defines "independent expenditures" as expenditures "[e]xpressly advocating the election or defeat of a clearly identified candidate[,] and [t]hat [are] not made in concert or cooperation with or at the request or suggestion of such candidate, his or her agents, the candidate's authorized political committee or a political party committee or its agents";

WHEREAS, Stay the Course West Virginia is not affiliated in any way with any political party, corporation, membership organization, political candidate, or committee, or any agent or representative of any political candidate;

WHEREAS, Plaintiff David Bailey was at all times relevant to this civil action the Chairman and Treasurer of Stay the Course West Virginia, Plaintiff Pineville Lumber, Inc. is a corporate contributor to Stay the Course West Virginia, and Plaintiff Thomas Stephen Bailey was an individual interested in contributing to Stay the Course West Virginia;

WHEREAS, Plaintiffs' Complaint alleged that certain provisions of the West Virginia Code and related Code of State Rules provisions and guides of Secretary Tennant were unconstitutional as applied to the political action committees, such as Stay the Course West Virginia, formed solely for the purpose of soliciting contributions for and making independent expenditures, and persons making contributions to such political action committees;

WHEREAS, the Court previously, in its August 9, 2012, Memorandum Opinion and Order, found to be moot the challenges raised by Plaintiffs concerning West Virginia Code of State Rules §§ 146-1-3.1, 146-1-3.2, and 146-1-6.2 based on Secretary Tennant's acknowledgment that West Virginia Code § 3-8-8, as amended, controls to the extent it conflicts with the rules;

WHEREAS, the Court in that same Memorandum Opinion and Order also found to be moot the challenge raised by Plaintiffs to Secretary Tennant's manual entitled "2012 Running for Office in West Virginia," based on Secretary Tennant's statement that the manual is "provided as information for the public and not intended as [a] statement[] of policy";

WHEREAS, the sole challenge remaining from Plaintiffs' Complaint is the challenge to several subsections of West Virginia Code § 3-8-12 and § 146-3-5.2 of the Code of State Rules, which prohibit individuals and corporations from contributing more than $1,000 to PACs and likewise prohibit PACs from accepting any contributions from a person in excess of $1,000;

WHEREAS, this Court previously granted Plaintiffs a preliminary injunction against Defendants enjoining enforcement of the $1,000 contribution limit set forth in West Virginia Code § 3-8-12(f), (g) and West Virginia Code of State Rules § 146-3-5.2 against Plaintiffs, having found that Plaintiffs had established a likelihood of success on the merits;

WHEREAS, the Supreme Court of the United States has recognized only one government interest sufficiently important to outweigh the First Amendment interests implicated by contributions for political speech: preventing corruption or the appearance of corruption, *see Citizens United v. Federal Election Commission*, 558 U.S. 310, 349-57, 361-62 (2010); *Davis v. Federal Election Commission*, 554 U.S. 724, 740-41 & n.7 (2008);

WHEREAS, the Supreme Court of the United States in *Citizens United* "conclude[d] that independent expenditures, including those made by corporations, do not give rise to corruption or the appearance of corruption," 554 U.S. at 357;

WHEREAS, following the *Citizens United* decision, federal circuits to have considered limits on contributions to PACs formed solely to make independent expenditures have found such limits to be unconstitutional, *see SpeechNow.org v. Federal Election Commission*, 599 F.3d 686, 693 (D.C. Cir. 2010); *Wis. Right to Life State PAC v. Barland*, 664 F.3d 139, 154 (7th Cir. 2011); *Long Beach Area Chamber of Commerce v. Long Beach*, 603 F.3d 684, 696-98 (9th Cir. 2010);

WHEREAS, in an opinion issued prior to *Citizens United*, the Fourth Circuit reached a similar conclusion, noting that the "[Supreme] Court has *never* held that it is constitutional to apply contribution limits to political committees that make solely independent expenditures" and concluding that "it is 'implausible' that contributions to independent expenditure political committees are corrupting," *N.C. Right to Life, Inc. v. Leake*, 525 F.3d 274, 292-93 (4th Cir. 2008);

WHEREAS, the parties have agreed to resolve the matter on the terms and conditions set forth herein;

AND WHEREAS, Secretary Tennant has consented to entry of this Consent Judgment and Order and to waive any appeal if the Consent Judgment and Order are entered as submitted by the parties;

NOW THEREFORE, the Court finds that there is good and sufficient cause to enter this Consent Judgment, and that it is therefore ORDERED, ADJUDGED, AND DECREED:

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343.

2. For purposes of this Order, an "independent expenditure PAC" is a PAC with the sole purpose of soliciting contributions for and making "independent expenditures," as that term is currently defined under West Virginia law.

3. This Court hereby DECLARES that West Virginia Code § 3-8-12(f) and (g) and § 146-3-5.2 of the Code of State Rules are unconstitutional as applied to independent expenditure PACs.

4. This Court hereby DECLARES that West Virginia Code § 3-8-12(f) and (g) and § 146-3-5.2 of the Code of State Rules are unconstitutional as applied to persons giving contributions to independent expenditure PACs.

5. Secretary Tennant is hereby permanently ENJOINED from enforcing the contribution and expenditure limits set forth in West Virginia Code § 3-8-12 and § 146-3-5.2 of the Code of State Rules with respect to independent expenditure PACs.

6. The parties are directed to discuss the payment of costs and attorneys' fees and to provide this Court with a status report no more than 30 days from the date of entry of this Order.

IT IS SO ORDERED.

The Court DIRECTS the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 6, 2013

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

**NATALIE E. TENNANT,**
In her official capacity as
SECRETARY OF STATE OF
THE STATE OF WEST VIRGINIA,
and member of the WEST VIRGINIA
STATE ELECTION COMMISSION,

By counsel

PATRICK MORRISEY
ATTORNEY GENERAL

/s Jennifer S. Greenlief
Elbert Lin (WVSB # 12171)
Solicitor General
Jennifer S. Greenlief (WVSB # 11125)
Assistant Attorney General
State Capitol Complex
1900 Kanawha Boulevard, East
Building 1, Room E-26
Charleston, West Virginia 25305
Telephone:   (304) 558-2021
Fax:            (304) 558-0140

AND

**STAY THE COURSE WEST VIRGINIA, DAVID BAILEY, PINEVILLE LUMBER, INC., and THOMAS STEPHEN BAILEY**

By counsel

/s Allen R. Prunty
Allen R. Prunty (WVSB # 2989)
W. Bradley Sorrells (WVSB # 4991)
ROBINSON & McELWEE PLLC
700 Virginia Street, East
Charleston, West Virginia 25301
Telephone:   (304) 347-8307